Edward Kibler and P. F. Koontz, for Defendant.

---

(Licking County, O., Common Pleas.)
January, 1898.

## LOUIS NEUBAUER v. THE BOARD OF EDUCATION OF UNION TOWNSHIP.

---

(1). A board of education may authorize a local director to contract for the sinking of a well.

(2). A contract by the board of education for the sinking of a well requires a yea and nay vote of the board.

(3). To authorize the board to enter in a contract for sinking a well, it is necessary that the clerk should first certify that there was money in the treasury to pay for it.

(4). It is sufficient if the petition avers that a contract by a board was duly made or a resolution duly passed. The court will assume that the steps required by law to make a legal contract have been complied with.

---

JONES, J.

The case of Louis Neubauer v. The Board of Education of Union Township, Licking county, is a suit brought to recover the price of a well sunk at the school-house, so many feet deep, stating the price agreed upon to have been so much a foot, amounting to the sum that he claims in his petition.

He says that by resolution of the board, duly adopted, the local director, who was a member of the board of this school-district, was authorized to contract with him to put down a well. That he did so; and he gives a copy of the contract signed by the local director himself. It does not profess to be a contract on the part of the board.

A general demurrer is filed to the petition. It is objected that this is not a contract with the board. That the board must make a contract by its own vote, and cannot do it through any agency or committee. The court differs from counsel in that regard. It is objected also that it does not appear from this petition that a valid contract was made with the board. That is, that a yea and nay vote was taken, as required by sec. 3982, Rev. Stat., which provides for the election of teachers, and, among other things, the purchase of real or personal property. It does not appear that a yea and nay vote was taken as provided by that section. It is answered, on the other hand, that a case of this kind does not require a vote to be taken, but that it is only the matters specified in that section. Among other

things, it says: "In the purchase of real or personal property;" and I think this is substantially the purchase of a well; it is personal property, or real estate when put down, probably, and that the reason of the statute applies to this, and the terms of it are sufficiently broad to apply to a contract of this kind.

It is also objected that it does not appear from the petition that the clerk of the board of education, at the time this resolution was adopted authorizing this local director to make the contract, certified that there was money in the treasury to pay for it, and that, under the statute, a contract made when that certificate is not made, is void. That is true, but the court does not see that it applies to this case.

The court considers those two matters of defense, and it is not necessary to state them in the petition, and when it is alleged in the petition that a contract of that kind is duly made, or a resolution duly passed, the court will assume that all the steps legally necessary to make it a due and legal contract with the board have been complied with. Those objections shall appear as matters of defense in the answer.

The demurrer may be overruled.

Martin & Dolson, for Plaintiff.

Martin Kibler, for Defendant.